**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4608-16T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

VICTOR MUGLIA,

     Defendant-Appellant.

_____

          Submitted September 21, 2018 – Decided  October 9, 2018

          Before Judges Simonelli and O'Connor.

          On appeal from Superior Court of New Jersey, Law Division, Union County, Indictment No. 08-11-0949.

          Joseph E. Krakora, Public Defender, attorney for appellant (Kisha M. Hebbon, Designated Counsel, on the brief).

          Andrew C. Carey, Middlesex County Prosecutor, attorney for respondent (Joie Piderit, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Victor Muglia appeals from a May 1, 2017 order denying the relief he sought in his petition for post-conviction relief (PCR). For the reasons that follow, we affirm.

I

In August 2010, defendant pleaded guilty to first-degree murder, N.J.S.A. 2C:11-3(a)(1) and (2). In October 2010, the court sentenced him to a thirty-eight year term of imprisonment. Defendant filed a direct appeal, but we affirmed his conviction and sentence. State v. Muglia, No. A-4368-10 (App. Div. Jan. 17, 2013). The Supreme Court denied defendant's petition for certification. State v. Muglia, 214 N.J. 235 (2013).

The evidence underlying defendant's conviction is set forth in our opinion and need not be repeated at length here. However, for context, we provide the evidence pertinent to the issues under review. Just weeks before his eighteenth birthday, defendant struck his mother to death with a crowbar. When the victim's sister did not get an anticipated telephone call from the victim the following day and ascertained the victim was not at work, she contacted the police.

The police went to defendant's home, where he lived with this mother, to conduct a welfare check. When they arrived, defendant was outside of the home

2

and informed the police that he was locked out. When asked where his mother was, defendant replied she was at work. One of the officers entered the home through an unlocked sliding door. The police did not immediately see defendant's mother but noticed blood on a door handle inside of the home.

An officer noticed defendant was becoming nervous and suspected he knew more than he was revealing. Therefore, he decided to ask defendant questions. Before doing so, the officer advised defendant of his Miranda[1] rights. Defendant then volunteered that two men had entered the house. The officer asked where the men took his mother, and defendant stated his mother was dead. The police continued to search the house and eventually found the mother's body in a plastic bag in the basement.

Defendant was taken to police headquarters. Because he was a still a minor, the police contacted defendant's father, advised him that his son was a suspect in a homicide, and asked permission to interview defendant. Defendant's father provided consent, and also stated he did not want to be present during the questioning of his son. Thereafter, the police advised defendant of, and he waived, his Miranda rights. During questioning, defendant confessed to killing his mother.

---

[1]  Miranda v. Arizona, 384 U.S. 436 (1966).

A-4608-16T1

After a juvenile delinquency complaint was filed charging defendant with an offense which, if committed by an adult, would constitute the crime of first-degree murder, N.J.S.A. 2C:11-3(a)(1) and/or (2). The Family Part waived jurisdiction and the matter proceeded against defendant as an adult in the Law Division. A grand jury subsequently indicted him on the murder charge as well as additional related charges.[2] Defendant filed a motion to suppress the evidence police obtained when searching his home, as well as the statements he gave to them. In support of the latter, defendant contended that, due to his father's learning disabilities, his father did not knowingly and intelligently waive his right to be present while his son was questioned by the police, rendering all of defendant's statements inadmissible. During the suppression hearing, defendant called a psychologist, who provided testimony in support of his contention.

---

[2] These additional charges were first-degree murder during the commission or attempt to commit a robbery, N.J.S.A. 2C:11-3(a)(3); first-degree robbery, N.J.S.A. 2C:15-1; third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d); fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d); third-degree providing false information to law enforcement officers with the purpose of hindering an investigation, N.J.S.A. 2C:29-3(b)(4); third-degree concealing or destroying evidence of a crime with the purpose of hindering apprehension, N.J.S.A. 2C:29-3(b)(1); and fourth-degree tampering with physical evidence of a crime, N.J.S.A. 2C:28-6(1).

A-4608-16T1

The trial court denied defendant's suppression motion. The court concluded the officers' entry and search of the home was justified under the community caretaking and emergency aid doctrines; the statements defendant gave to the police in his home were not subject to <u>Miranda</u> because they had been properly elicited by the police in emergent circumstances; defendant's father validly exercised his right not to be present during defendant's interrogation; and defendant gave his statements to the police at the station after providing a knowing, voluntary and intelligent waiver of his <u>Miranda</u> rights.

Before the suppression hearing, defendant obtained an expert's report of another psychologist, specifically, Matthew B. Johnson, Ph.D. Defendant retained Johnson to explore the question of whether his mental state at the time of the offense supported a diminished capacity defense[3] and, further, rendered

---

[3]    As set forth in <u>State v. Baum</u>, 224 N.J. 147, 160-61 (2016):

> A defendant may raise a diminished capacity defense if (1) he or she "has presented evidence of a mental disease or defect that interferes with cognitive ability sufficient to prevent or interfere with the formation of the requisite intent or mens rea[,]" and (2) "the record contains evidence that the claimed deficiency did affect the defendant's cognitive capacity to form the mental state necessary for the commission of the crime."

defendant unable to provide a knowing and voluntary waiver of his Miranda rights. Johnson furnished defendant with a lengthy expert's report, in which he noted, among other things, that defendant "clearly acknowledged [to me that] he was aware the assault on his mother was wrong and illegal, and he deliberated about the assault prior to committing it."

However, Johnson also stated defendant had chronically abused various substances, which had an "adverse effect on his acute and residual cognitive functioning." Johnson further suggested the homicide may have been related to a "paradoxical reaction to benzodiazepines," observing that in certain patients benzodiazepines can cause hostility and rage. Johnson cited an article that stated in "extreme cases," a patient may not have "conscious control over their actions." Johnson found defendant possessed "noteworthy risk factors" for a paradoxical reaction to benzodiazepines, and recommended defendant consult with or be examined by a psycho-pharmacologist, neuropsychologist, or psychiatrist.

At the suppression hearing, defendant did not assert his ability to waive his Miranda rights was compromised for the reasons suggested in Johnson's

[(alteration in original) (quoting State v. Galloway, 133 N.J. 631, 647 (1993)).]

report. Further, the record does not indicate defendant ever asserted a diminished capacity defense before pleading guilty.

On October 25, 2013, defendant filed a pro se petition for PCR, alleging plea counsel had been ineffective. Defendant's PCR counsel subsequently filed an amended petition and brief on his behalf. The issues defendant raised before the PCR court relevant to the issues on appeal were that plea counsel failed to: (1) submit evidence during the suppression hearing of defendant's mental state at the time he waived his Miranda rights, and (2) investigate or raise before the trial court a diminished capacity defense.

In an order dated December 11, 2014, the PCR court denied defendant's request for PCR. However, before doing so, the court declined defendant's request for oral argument. Defendant appealed and, on December 1, 2016, we entered an order sua sponte, see R. 2:8-3(b), summarily reversing because defendant was denied the opportunity to present oral argument.

Following oral argument on remand, the PCR court found defendant failed to set forth a prima facie case of ineffective assistance of counsel. The court issued a written opinion, in which it observed defendant never submitted a report from a qualified expert establishing defendant suffered from a mental defect that: (1) interfered with his ability to knowingly and voluntarily waive

his <u>Miranda</u> rights; and (2) was sufficient to raise a diminished capacity defense. The court noted, "[a]ll that Dr. Johnson is saying is that this might be something to look into. He is not opining on a diminished capacity defense. He is not even addressing the <u>Miranda</u> issue."

The court further observed defendant had admitted to Johnson he knew what he was doing when he killed his mother, knew it was wrong, and had "deliberated about the crime, tried to cover it up and thought he would get away with it." Finally, the PCR court noted there is no evidence Johnson, a psychologist, possessed the expertise to render an opinion in pharmacology.

II

Defendant presents the following issues for our consideration in his appeal.

> <u>Point I</u>: THE TRIAL COURT ERRED IN DENYING DEFENDANT'S PETITION FOR POST CONVICTION RELIEF WITHOUT AN EVIDENTIARY HEARING TO DETERMINE THE MERTIS OF HIS CONTENTION THAT HE WAS DENIED THE RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL.
>
> > A. The Prevailing Legal Principles Regarding Claims Of Ineffective Assistance Of Counsel, Evidentiary Hearings And Petitions For Post Conviction Relief.

A-4608-16T1

B.   Defendant Should Be Granted Post-Conviction Relief  Because Trial Counsel Rendered Ineffective Legal Representation By Virtue of His Failure To Raise the Defense Of Diminished Capacity As A Result Of Defendant's Psychiatric History And Struggles With Alcohol And Drugs.

C.   Defendant Is Entitled To A Remand To The Trial Court To Afford Him An Evidentiary Hearing To Determine The Merits Of His Contention That He Was Denied The Effective Assistance Of Trial And Appellate Counsel.

In his merits brief, defendant articulates his position as follows.  If plea counsel had raised the defense of diminished capacity, his confession would not have been admissible, he would have proceeded to trial, and he would have been convicted of a lesser-included offense or even acquitted.  He further maintains the PCR court was required to hold an evidentiary hearing.  Defendant did not articulate any argument against appellate counsel.

The standard for determining whether counsel's performance was ineffective for purposes of the Sixth Amendment was formulated in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), and adopted by our Supreme Court in <u>State v. Fritz</u>, l05 N.J. 42 (l987).  In order to prevail on a claim of ineffective assistance of counsel, defendant must establish that: (l) counsel's performance was deficient and that he or she made errors so egregious counsel was not

functioning effectively as guaranteed by the Sixth Amendment to the United States Constitution; and (2) the defect in performance prejudiced defendant's rights to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

When a defendant has pled guilty, the second prong a defendant must fulfill is that "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty but would have insisted on going to trial." State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009) (alteration in original) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994)).

The defense of diminished capacity requires a defendant to provide "evidence of a mental disease or defect that interferes with [his] cognitive ability sufficient to prevent or interfere with the formation of the requisite intent or mens rea," see State v. Galloway, 133 N.J. 631, 647 (1993), and that there is a connection "between that mental disease or defect and the defendant's ability to form the required mental state for the crime charged." State v. Reyes, 140 N.J. 344, 364 (1995).

Here, defendant has not provided any evidence he in fact suffered from diminished capacity at the time he committed the murder, or had a mental or

psychological affliction that affected his ability to render a knowing and intelligent waiver of his Miranda rights. As we stated in State v. Cummings, 321 N.J. Super. 154 (App. Div. 1999):

> [T]o establish a prima facie claim, a petitioner must do more than make bald assertions that he was denied the effective assistance of counsel. He must allege facts sufficient to demonstrate counsel's alleged substandard performance. Thus, when a petitioner claims his trial attorney inadequately investigated his case, he must assert the facts that an investigation would have revealed, supported by affidavits or certifications . . . ."
>
> [Id. at 170.]

Defendant claims that if plea counsel had raised the defense of diminished capacity, other events would have followed that would have resulted in his being convicted of a lesser-included offense or even acquitted. However, his claims are nothing but bald assertions. None of his claims is tethered to a qualified expert's opinion that establishes that he (1) had a mental disease or defect at the time of the offense that hindered his cognitive ability to prevent or interfere with the formation of the requisite mens rea, or (2) suffered from an affliction that deprived him of the ability to knowingly and intelligently waive his Miranda rights.

As defendant did not provide the requisite proof to support a claim that plea counsel failed to marshal the subject evidence, we conclude defendant

11

failed to make a prima facie showing of ineffectiveness within the Strickland-Fritz test. Accordingly, the PCR court correctly concluded an evidentiary hearing was not warranted, see State v. Preciose, 129 N.J. 452, 462-63 (1992), and that defendant was not entitled to the post-conviction relief he sought.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION